(Rev. 11/2012)

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District 6TH CIRCUIT, WD MICHIGAN |
|---|---|
| Name (under which you were convicted): BARRY CROFT JR | Docket or Case No.: 1:20-CR-00183-RJJ-1 + 1:20-CR-00183-RJJ-2 |
| Place of Confinement: FLORENCE USP-ADMAX | Prisoner No.: 11796-509 |
| UNITED STATES OF AMERICA  v. | Movant (include name under which convicted) FOX, CROFT, HARRIS, AND CASERTA |

FILED (GR) U.S. District Court Clerk
SEP 22 2025

1:25-cv-1146
Robert J. Jonker
U.S. District Judge

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: 6TH CIRCUIT U.S. DISTRICT COURT WESTERN DISTRICT OF MICHIGAN 699 FEDERAL BUILDING GRAND RAPIDS, MICHIGAN 49503

   (b) Criminal docket or case number: 1:20-CR-00183-RJJ-1 AND 2

2. (a) Date of the judgment of conviction: 8/23/22

   (b) Date of sentencing: 12/28/22

3. Identify all counts and crimes for which you were convicted and sentenced in this case: KIDNAPPING CONSPIRACY, CONSPIRACY TO USE A WEAPON OF MASS DESTRUCTION, AND POSSESSION OF A NON-REGISTERED DESTRUCTIVE DEVICE.

4. Length of sentence for each count or crime for which you were convicted in this case: 235 MONTHS IN CUSTODY, 5 YEARS SUPERVISED RELEASE, FINE OF $3500 AND $300 ASSESSMENT.

5. (a) What was your plea?
   Not guilty ☑
   Guilty ☐
   Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details:

- 1 -

6. If you went to trial, what kind of trial did you have? (Check one)
   (a) Jury ☑
   (b) Judge only ☐

7. Did you testify at the trial? Yes ☐ No ☑

8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:
   (a) Date you filed: 1/7/23
   (b) Name of court: 6TH CIRCUIT COURT OF APPEALS
   (c) Docket or case number: 23-1029
   (d) Result: CONVICTIONS AFFIRMED
   (e) Date of result: 4/1/25
   (f) Grounds raised: 1. THE GOVERNMENT WAIVED A HARMLESS ERROR ARGUMENT. 2. THE DISTRICT COURT'S APPLICATION OF FED. R. EVID. 801(d)(2)(A) TO DENY APPELLANTS' ABILITY TO PRESENT THEIR DEFENSE WAS NOT HARMLESS ERROR. 3. JUROR ISSUE.

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☑ No ☐

   If "Yes," answer the following:
      (1) Date you filed: 7/24/25
      (2) Docket or case number: 25-5249
      (3) Result: PENDING
      (4) Date of result: PENDING
      (5) Grounds raised: FLORENCE USP-ADMAX MAILROOM REJECTS MY LEGAL MAIL PACKET FROM TIM SWEENEY, SO I HAVE NOT BEEN ABLE TO RECEIVE, READ, OR BE AWARE OF THE ISSUES RAISED.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

11. If your answer to Question 10 was "Yes," give the following information: Yes ☐ No ☑

(a) (1) Date you filed: _____

    (2) Name of court: _____

    (3) Docket or case number (if you know): _____

    (4) Date of filing (if you know): _____

    (5) Nature of the proceeding: _____

    (6) Grounds raised: _____

_____

_____

_____

_____

_____

    (7) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

    (8) Result: _____

    (9) Date of result: _____

(b)   If you filed any second motion, petition, or application, give the same information:

    (1) Date you filed: _____

    (2) Name of court: _____

    (3) Docket or case number (if you know): _____

    (4) Date of filing (if you know): _____

    (5) Nature of the proceeding: _____

    (6) Grounds raised: _____

_____

_____

    (7) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

    (8) Result: _____

    (9) Date of result : _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:  Yes ☐  No ☐

   (2) Second petition:  Yes ☐  No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** THE GOVERNMENT WAS INTENTIONALLY DISHONEST IN PRE-TRIAL FILINGS (COMMITTED PERJURY)

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): IN THE CRIMINAL COMPLAINT THE GOVERNMENT ADMITTED THAT CHS ROBESON WAS NOT "IN A POSITION TO TESTIFY". MONTHS LATER, IN PRE-TRIAL MOTIONS THE GOVERNMENT WOULD CALL CHS ROBESON A "DOUBLE-AGENT" TO KEEP AS MUCH OF ROBESON'S INVOLVEMENT OFF OF THE RECORD AS POSSIBLE. A 12/16/20 RECORDED INTERVIEW BETWEEN CHS ROBESON, SSA CHAMBERS, SA IMPOLA, AND SA BAUMGARDNER, REVEALS THE AGENTS COERCING ROBESON TO IMPLICATE (CONT.)

(b) **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?  Yes ☐  No ☑
   (2) If you did not raise this issue in your direct appeal, explain why: MY ATTORNEY TIM SWEENEY ADVISED ME THAT THIS IS A 2255 ISSUE, AND NOT WITHIN HIS APPOINTMENT.

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition or application?  Yes ☐  No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: _____

   Date motion was filed: _____

GROUND ONE SUPPORTING FACTS CONTINUED:

DEFENDANTS, RATHER THAN HIMSELF IN SITUATIONS HE ORGANIZED AND ACTIONS HE HIMSELF TOOK. IN THE RECORDING, THE AGENTS CAN BE HEARD SUBJECTING CHS ROBESON TO A NON-DISCLOSURE AGREEMENT. IN TRIAL 2, THE DIRECT EXAMINATION OF SA IMPOLA WOULD BE SHUTDOWN BEFORE THESE FACTS COULD BE INTRODUCED ON THE RECORD. CHS ROBESON WOULD PLEAD THE 5TH AMENDMENT WHEN THE DEFENSE CALLED HIM AS A WITNESS, AND THE GOVERNMENT WOULD NOT IMMUNIZE HIM IN THE FURTHERANCE OF THIS DISHONESTY. THE 12/10/20 INTERVIEW ALSO CONTAINS AGENTS CHAMBERS AND IMPOLA FORCEFULLY ASSERTING THAT CHS ROBESON COULD NOT ALLOW HIMSELF TO BE CALLED AS A WITNESS. THE US ATTORNEYS WERE AWARE OF THIS RECORDING AS IT WAS IN THE DISCOVERY, YET PROCEEDED DECEPTIVELY AND IN BAD FAITH.

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____

Date of result: _____

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: _____

Name of court where the appeal was filed: _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____

Date of result: _____

**GROUND TWO:** THE GOVERNMENT CONCEALED POTENTIALLY EXCULPATORY EVIDENCE.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): THE GOVERNMENT CHARGED CHS ROBESON WITH FELON IN POSSESSION IN WISCONSIN, TO ENSURE HIS COMPLETE COOPERATION IN THE PROSECUTION OF THE GOVERNOR WHITMER KIDNAPPING CASE. THE DOJ PRODUCED A DOCUMENT IN THAT CASE WHICH OUTLINED SOME OF HIS ACTIVITIES AS AN FBI "CHS", TO SECURE HIM LENIENCY AT SENTENCING FOR THAT CASE. THAT DOCUMENT DESCRIBED A "DATABASE" THAT CHS ROBESON HAD BEEN GIVEN ACCESS (CONT.)

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☒

GROUND TWO SUPPORTING FACTS CONTINUED:

TO BY THE FBI. THAT "DATABASE" WAS GIVEN TO HIM IN OCTOBER OF 2019, WHEN ROBESON WAS APPROACHED AND HIRED BY THE FBI, AFTER TRIGGERING AN ALERT OVER SOMETHING HE POSTED ON SOCIAL MEDIA, WHICH WE NOW KNOW WAS A RESULT OF "OPERATION BRONZE GRIFFIN" CONDUCTED BY THE FBI. THE "DATABASE" WAS NOT REVEALED, DESCRIBED, OR DISCLOSED IN ANY WAY IN THE DISCOVERY, IS MORE THAN LIKELY WHERE DEFENDANT CROFT WAS GIVEN THE LABEL "BALTIMORE TARGET". THIS ALSO REVEALS SA. LONG'S PERJURY IN TESTIFYING THAT CHS ROBESON CAME TO THE FBI, UPON HIM HEARING "THREATS FROM THE 3% TOWARD LAW ENFORCEMENT", WHICH IS OBVIOUSLY A BASELESS INITIATIVE BY THE FBI TO LABEL PATRIOTS LOYAL TO THE CONSTITUTION, AS "TERRORISTS" OR "EXTREMISTS". THE DOJ DOCUMENT WENT ON TO SAY THAT CHS ROBESON HAD BEEN GIVEN "OIA" (OTHERWISE ILLEGAL ACTIVITY) TO TRANSPORT EXPLOSIVE MATERIALS, BUT DID NOT AT ALL DESCRIBE WHERE, WHEN, OR WHO HAD AUTHORIZED CHS ROBESON TO TRANSPORT EXPLOSIVE MATERIALS, NOR WAS THAT INFORMATION IN OUR DISCOVERY! WHAT WAS IN THE DISCOVERY WAS AN EMAIL FROM AUSA RITA RUMBLELOW, DENYING THE FBI'S REQUEST FOR ROBESON TO HANDLE NON-FUNCTIONING FIREARMS. SO WHO IN THE US ATTORNEYS OFFICE AUTHORIZED HIM TO TRANSPORT THE EXPLOSIVE MATERIALS REMAINS A MYSTERY, AND CONCEALED FROM THE DISCOVERY, BUT MIGHT EXPLAIN THE "RED BAG" THAT A DEFENSE PRIVATE INVESTIGATOR TESTIFIED IN TRIAL 2, ORIGINATED FROM A SHIPBUILDING COMPANY THAT IS ONLY FOUND IN JAPAN, AND GREEN BAY, WISCONSIN. IT ALSO LENDS TO WHY THE GOVERNMENT COMPLETELY AVOIDED MENTIONING THE FBI'S DELAWARE "MEETING", WHERE SA. BAUMGARDNER DROVE A RIFLE FROM WISCONSIN TO DELAWARE TO PLANT ON DEFENDANT CROFT. CHS ROBESON BROUGHT 4 TIRES MOUNTED ON RIMS, WHICH HE ASKED CROFT TO STORE IN HIS

-5A-

garage, so they wouldn't get stolen from Robeson's pick-up truck while parked at the motel in Delaware. The government's narrative was that the "Red Explosives Bag" was seen in Luther, Michigan. In the criminal complaint, CHS Chappel claimed to have seen Croft open a firework, and add reloading powder to it. But CHS Chappel testified in both trials that he never actually saw the "firework/IED". Also, FBI and ATF explosives experts testified that pennies were used in the Luther "firework/IED", not BB's, which were in the "Red Explosives Bag". Pyrotechnics (fireworks) do not qualify as "destructive devices" as defined in the statute, "modified" or not! CHS Robeson did not record asking Croft to store his wheels, or the FBI/US attorneys did not include the 8/6/20 interaction in the discovery. CHS Angelia Balch (New Hampshire) and her efforts to get me to take possession of the "3% National Facebook Page", were also not included in the discovery. This is important because that "3% National Page" was where Robeson got the opportunity to make contact with me via private message. Many of CHS Robeson's private messages and texts were excluded from the discovery! CHS Angelia Balch was also instrumental in convincing Kevin "KC" Massey (the Texas "fugitive") to abscond from federal probation. SA Long testified his "full investigation" on me was a result of "information by the Dallas field office". "KC" Massey was given till the end of April to turn himself in, so the immediate initiation of a "full investigation" in the beginning of May 2019, makes no sense as Massey wasn't even a "fugitive" yet! Massey violated probation for dirty marijuana urine, hardly a "domestic extremist" offense, but none of this was in our discovery despite SA Long citing it as justification to launch an

INVESTIGATION ON CROFT FOR "CONSPIRACY TO INJURE OR IMPEDE A FEDERAL AGENT". FD-1023 FORMS IN OUR DISCOVERY DO DESCRIBE KC MASSEY'S BODY BEING DISCOVERED BY FEDERAL AGENTS, YET THEY WERE SEEMINGLY UNABLE TO FIND HIM WHILE HE WAS ALIVE! THAT ALSO CONTRADICTS NEARLY ALL MEDIA REPORTING OF THE DISCOVERY OF MASSEY'S BODY, AND DIRTY URINE IS NO REASON TO COMMIT "SUICIDE". THE GOVERNMENT USED A PRIVATE MESSAGE BETWEEN TWO INDIVIDUALS FROM FACEBOOK (CURTIS HANSEN AND STEPHANIE STIGALL), BOTH OF WHICH MAY WELL HAVE BEEN EITHER "CHS" OR "OUCE" (ONLINE UNDERCOVER EMPLOYEES), AND POSSIBLY "OPERATION BRONZE GRIFFIN" FBI ASSETS. MY TRIAL ATTORNEY WAS DISMISSIVE OF THIS INFORMATION, BUT JUST LIKE SSA CHAMBERS USED A NON-DISCLOSURE AGREEMENT WITH CHS ROBESON, JOSH BLANCHARD HAD THE ENTIRE DEFENSE TEAM SIGN AN "NDA" AS WELL. DJ NEWMAN (DEFENSE INVESTIGATOR) DISCOVERED THAT 3 ROOMS AT THE DRURY INN (DUBLIN, OH), WERE RESERVED A WEEK IN ADVANCE OF CHS ROBESON'S JUNE 6TH DUBLIN "MEETING". THAT WOULD MEAN PAYMENT WOULD HAVE BEEN TENDERED AT THE TIME THE RESERVATION WAS MADE. THE DRURY TOLD DJ NEWMAN THAT A WARRANT WOULD BE NECESSARY TO SECURE THAT INFORMATION, BUT I'M SURE IF A DEFENDANT RESERVED THOSE ROOMS, THE GOVERNMENT WOULD HAVE ZEALOUSLY PURSUED THAT EVIDENCE. SA LONG HAD ENOUGH TIME TO PLAN DRIVING A RECORDING DEVICE FROM BALTIMORE TO DUBLIN, AND HE WASN'T EVEN CHS ROBESON'S HANDLING AGENT!

(2) If you did not raise this issue in your direct appeal, explain why: MY COURT APPOINTED APPEAL ATTORNEY TIM SWEENEY ADVISED ME THAT THIS WAS ALSO A 2255 ISSUE, AND OUTSIDE OF HIS APPOINTMENT.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Date motion was filed: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

Date of result: _____

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: _____

Name of court where the appeal was filed: _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

Date of result: _____

**GROUND THREE:** THE GOVERNMENT MAY HAVE DESTROYED EVIDENCE ⋆ PRIOR TO TRIAL ⋆

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): DURING TRIAL ONE, IN THE FIRST WEEK OF TRIAL, MY ATTORNEY JOSH BLANCHARD ASKED ME IF I

"FACTORY DATA RESET" MY PHONES PRIOR TO ARREST, WHICH I REPLIED "NO". HOW WOULD THERE BE CELLBRITE EXTRACTIONS IF I HAD? HE DENIES HAVING A MEMORY OF THIS EXCHANGE, BUT I DON'T. I DID NOT DELETE ANY INFORMATION FROM MY PHONES, SO ALL OF MY INTERACTIONS WITH FBI ASSETS WOULD BE COMPLETELY PRESERVED ON MY 2 AT&T PHONES, PLUS ALL MY ACTIONS ON MY VERIZON PHONE (CONT.)

**(b) Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: MY COURT APPOINTED ATTORNEY TIM SWEENEY ADVISED ME THIS WAS ALSO A 2255 ISSUE.

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Date motion was filed: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

Date of result: _____

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: _____

Name of court where the appeal was filed: _____

Docket or case number: _____

GROUND THREE STATEMENT OF FACTS CONTINUED:

PRIOR TO KEVIN "KC" MASSEY ABSCONDING FROM PROBATION. THE FBI DELETED MY GOOGLE ACCOUNT IMMEDIATELY UPON MY ARREST, NOT ME, SO EMAILS BETWEEN CHS GARY HUNT, OR "CALIFORNIA HUMAN SOURCE" IN THE FD-1023 FORMS IN OUR DISCOVERY, WHO HAD BEEN INFLUENCING ME SINCE 2016 WERE DELETED. THOSE EMAILS FROM CHS HUNT CLAIM HE WAS SPEAKING ON KC MASSEY'S BEHALF IN SEPTEMBER OF 2019, WHILE KC WAS A "FUGITIVE", AND I WAS UNDER FULL INVESTIGATION! KEVIN "KC" MASSEY'S DEATH WAS RULED A "SUICIDE", BUT THE GUNSHOT WOUND WAS IN HIS NECK, NOT COMMON FOR A "SUICIDE". KC MASSEY WAS ACCUSING THE LEADERSHIP OF THE "COSSACKS" OUTLAW MOTORCYCLE GANG OF BEING FBI "CHS". I INTERVIEWED MASSEY IN FALL 2017 ON MY "CONSTITUTIONAL RESTORATION PROJECT" BLOGTALK RADIO PROGRAM. KC SHARED THAT HE BELIEVED THE FBI WAS RESPONSIBLE FOR INSTIGATING THE 2016 SHOOT-OUT AT THE "TWIN PEAKS BAR AND GRILL" IN WACO, TEXAS, WHICH TRANSPIRED BETWEEN THE COSSACKS AND BANDIDOS OUTLAW BIKER GANGS, AND LEFT 9 PEOPLE DEAD. THE GOVERNMENT DROPPED 167 CASES, 9 PEOPLE DIED, 167 CASES DROPPED WITH A 98% CONVICTION RATE? MASSEY ALSO EXPOSED CBP ALLOWING ILLEGAL ENTRY IN 2014 AS A BORDER DEFENDER. THE FBI LABELED KC A "DOMESTIC EXTREMIST" FOR SELFLESS, FREE SERVICE TO HIS COUNTRY. ALL 6 OF MY PHONES THAT THE FBI CONFISCATED, WERE INTACT WHEN THEY TOOK THEM!

Result (attach a copy of the court's opinion and order, if available) : _____

_____

Date of result: _____

**GROUND FOUR:** THE GOVERNMENT MAY HAVE COERCED TY GARBEN AND KALEB FRANKS TO COMMIT PERJURY IN EXCHANGE FOR EXTREMELY LIGHT SENTENCES.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): IN AUGUST OF 2021, AN INMATE AT NEWAYGO COUNTY NAMED NICK MELLARD TOLD ME THAT HE WAS IN THE CELL WITH TY GARBEN, WHEN THE GOVERNMENT OFFERED HIM 8 YEARS TO TESTIFY AGAINST US. I IMMEDIATELY REPORTED THAT TO MY TRIAL ATTORNEY JOSH BLANCHARD. HIS RESPONSE WAS "THEY'RE THE GOVERNMENT, THEY CAN DO WHATEVER THEY WANT", TO WHICH I SAID "TAMPERING WITH A WITNESS IS A CRIME", HE SAID "YEAH FOR YOU, NOT THEM". (CONT.)

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why: MY COURT APPOINTED APPEAL ATTORNEY ADVISED ME THIS IS ALSO A 2255 ISSUE.

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition or application? Yes ☐ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Date motion was filed: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available): _____

_____

Date of result: _____

- 8 -

GROUND FOUR SUPPORTING FACTS CONTENDED:

WITHIN 3 DAYS OF NICK MILLARD BEING MOVED TO MY CELL, BOTH JOSH BLANCHARD AND DJ NEWMAN CAME TO NEWAYGO TO VISIT ME ON THE SAME DAY. THEY BOTH WARNED ME THAT MILLARD WAS TRYING TO "JUMP ON MY CASE", SO WHEN HE TOLD ME ABOUT GARBIN'S DEAL, IT MADE NO SENSE! WHY WOULD BLANCHARD AND NEWMAN TELL ME THAT? AND HOW WOULD THEY KNOW SO QUICKLY THAT MILLARD HAD BEEN MOVED INTO MY CELL/DORM? NEWAYGO'S VISITATION RECORDS, HOUSING RECORDS, AND MY RECORDED/MONITORED PHONE CALLS WILL PROVE THIS, IT WAS DORM 4. AT GARBIN'S FIRST SENTENCING, THE GOVERNMENT RECOMMENDED EXACTLY 96 MONTHS AS MILLARD FORECASTED! GARBIN GAVE NUMEROUS "PROFFER STATEMENTS", AND HIS STORY EVOLVED TO INCLUDE FRAGMENTS OF NARRATIVE, THAT REAL FACTS AND EVIDENCE DISCREDIT. FRANKS AND GARBIN TELL IDENTICAL TALES, BUT GARBIN WAS MOVED TO VAN BUREN COUNTY IMMEDIATELY UPON AGREEING TO TESTIFY. FRANKS DIDN'T AGREE TO TESTIFY UNTIL HE GOT CAUGHT DEALING IN NARCOTICS IN A FEDERAL HOLDING FACILITY (SUBOXONE). AND SEPERATIONS WERE PLACED ON ALL OF US, SO THE ONLY POSSIBLE LINK TO COORDINATE THEIR STORY IS THE AUSA. BOTH SAY THAT I TOLD THEM THAT "I HAD TO GET EYES ON THE BRIDGE", IN THE SUPER 8 PARKING LOT. GARBIN AND FRANKS RODE FROM THE LUTHER PROPERTY, TO THE SUPER 8, WITH CHS CHAPPEL AND UCE RED/BATES IN CHS CHAPPEL TRUCK. CHS CHAPPEL AND UCE RED/BATES HAVE A RECORDED, CANDID CONVERSATION ABOUT "WHETHER OR NOT EVERYONE KNOWS WHERE WE ARE GOING?", IT'S OBVIOUS THAT NEITHER GARBIN OR FRANKS WERE IN THE VEHICLE FOR THAT! AND CHS CHAPPEL TEXTED SSA CHAMBERS AN ANGRY MESSAGE BECAUSE CHS ROBESON SENT CHASITY AND I TO WENDYS FOR FOOD, COVID MADE IT TAKE US AN HOUR AND A HALF TO GET BACK WITH FOOD FOR PLUNK, ROBESON, CHASITY, AND I. FIRST, WHERE'S THAT RECORDING? BUT GARBIN AND FRANKS

RODE WITH BRIAN HIGGINS. CELLPHONE LOCATION DATA WOULD SHOW THAT GARBIN, FRANKS, AND I WERE NOT IN THE SUPER 8 PARKING LOT AT THE SAME TIME. UCE SCHWEERS TESTIFIED THAT HE AND FOX LEFT LUTHER TO GO GET FOOD AND BEERS, THEN THEY DROVE TO THE WALMART PARKING LOT, WHERE CHS CHAPPEL, UCE RED/BATES, AND CHS ROBESON HAD DRIVEN ME. FOX GETS INTO CHAPPEL'S TRUCK WITH THE 4 OF US. UCE RED/BATES SAYS "SO FELLAS, WHERE THE F-CK ARE WE GOING?", TO WHICH I IMMEDIATELY REPLY "DESTINATION UNKNOWN, DESTINATION UNKNOWN", IT'S RECORDED! UCE RED/BATES DID THAT TO ANSWER HIS EARLIER QUESTION OF WHETHER EVERYONE KNEW THE PLAN. BY THE RECORDING DEVICES, I DEFINITELY DID NOT KNOW THE PLAN! NOW, WALMART'S PARKING LOT WAS A HALF HOUR TO 45 MINUTES PRIOR TO THE BRIDGE. UPON ARRIVAL AT THE BRIDGE, UCE BATES IS RECORDED TRYING TO GET ME TO GO UNDER THE BRIDGE WITH HIM. DESPITE 3 RECORDING DEVICES IN USE, THERE'S NO AUDIO OF WHY I DECLINE, BUT ME DOING SO PROVES I WAS NOT INTERESTED IN "GETTING EYES ON THE BRIDGE". REAL EVIDENCE CONTRADICTS THE NARRATIVE AND GOVERNMENT INDUCED PERJURY. GARBIN BY THE EVIDENCE WAS THE ONE WHO SUGGESTED BLOWING UP THE BRIDGE, IN CHAT GROUP I WAS NOT AWARE OF. FRANKS WAS RECORDED ADMITTING TO SURVEILLING THE GOVERNOR'S HOME. AND REAL EVIDENCE PRESENTED AT TRIAL, PROVES BOTH WERE TRAFFICKING "GHOST GUNS" TO KNOWN FELONS. IT'S EASY TO SEE WHY IMPLICATING OTHERS, REGARDLESS OF THE TRUTH/FACTS, WOULD APPEAL TO THEM. THEY AVOIDED THE SUPERCEDING INDICTMENT, GUN TRAFFICKING, AND INSTITUTIONAL NARCOTICS CHARGES, FOR HELPING THE GOVERNMENT GET THEIR CONVICTION, BY ANY MEANS! I WAS EVEN RECORDED TELLING THE LUTHER PARTICIPANTS THAT I WAS GETTING TOO OLD FOR THE TRAINING, AND THAT LUTHER WAS MY LAST APPEARANCE, CHS CHAPPEL WAS RECORDED RELAYING THAT TO PLUNK AND ROBESON!

(3) Did you receive a hearing on your motion? Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition or application? Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal? Yes ☐ No ☐

If yes, answer the following:

Date you filed: _____

Name of court where the appeal was filed : _____

Docket or case number: _____

Result (attach a copy of the court's opinion and order, if available) : _____

_____

Date of result: _____

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, state which ground or grounds have not been presented and your reasons for not presenting them:

YES, I DID EXACTLY AS MY TRIAL ATTORNEY ADVISED ME, IN EVERY ASPECT. I WISH I WOULD HAVE TESTIFIED. BUT HE TOLD ME THE AUSA "ACCIDENTLY EMAILED FOX'S LAWYER THE CROSS-EXAMINATION HE ANTICIPATED USING ON ME", TO SCARE ME INTO NOT TESTIFYING. INEFFECTIVE ASSISTANCE OF COUNSEL.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☒ No ☐

If "Yes," state the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

7/24/25, WRIT OF CERTIORARI, SUPREME COURT WASHINGTON DC. UNAWARE OF ISSUES FLORENCE ADMAX DENYING ME RECEIPT OF MY BRIEF FROM MY ATTORNEY. 25-5249 DOCKET/CASE NUMBER.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: JOSH BLANCHARD 309 S. LAFAYETTE ST., SUITE 208 GREENVILLE, MI 48838

-9-

(b) At arraignment and plea: WILMINGTON, DE, DO NOT POSSESS THAT INFORMATION

(c) At trial: JOSH BLANCHARD 309 S. LAFAYETTE ST., SUITE 208 GREENVILLE, MI 48838

(d) At sentencing: JOSH BLANCHARD 309 S. LAFAYETTE ST., SUITE 208 GREENVILLE, MI 48838

(e) On appeal: TIMOTHY F. SWEENEY 820 W. SUPERIOR AVE., SUITE 430 CLEVELAND, OHIO 44113

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: TIMOTHY F. SWEENEY 820 W. SUPERIOR AVE., SUITE 430 CLEVELAND, OHIO 44113

16. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

   (b) Give the date the other sentence was imposed: _____

   (c) Give the length of the other sentence: _____

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

CONVICTION AFFIRMED ON 4/11/25, MOTION IS WITHIN TIMELY STANDARDS.

_____
_____
_____
_____
_____
_____
_____
_____
_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 (" AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant him or her the relief to which he or she may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct and that this Motion Under § 2255 was placed in the prison mailing system on __9/15/25_____(month, date, year).

__*Barry Craft Jr. #11796-509*__          __9/10/25_____
Signature of Movant                        Date

_____
Signature of Attorney (if any)

If the person signing is not movant or an attorney, state relationship to movant and explain why movant is not signing this petition.

_____
_____
_____

- 11 -

Name: BARRY CROFT
Reg. No.: 11796-509
US Penitentiary MAX
P.O. Box 8500
Florence, CO. 81226

RECEIVED (GR)
U.S. District Court Clerk
SEP 22 2025
Western Michigan

LEGAL
MOTION ENCLOSED

CLERK OF COURT FOR
JUDGE ROBERT J. JONKER
110 MICHIGAN ST., NW
GRAND RAPIDS, MI 49503

LEGAL MAIL

18 SEP 2025

49503-230099

FEDERAL PRISON CAMP
P.O. BOX ____
FLORENCE, COLORADO 81226

DATE: _____ SEP 16 2025

"SPECIAL/LEGAL MAIL"

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter was neither been opened nor inspected. If the writer raises a question or a problem over which this facility has no jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosed to the above address.